UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDI McCORMACK,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDCOR, INC. a corporation;<br>and DOES 1-100, inclusive,<br><br>        Defendant. | No. 2:13-CV-02011 JAM CKD<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION FOR CHANGE OF VENUE** |

    This matter is before the Court on Defendant Medcor, Inc.'s ("Defendant" or "Medcor") Motion for Change of Venue (Doc. #10), pursuant to 28 U.S.C. § 1404(a). Plaintiff Cindi McCormack ("Plaintiff" or "McCormack") opposes the motion (Doc. #13). Defendant filed a reply (Doc. #17). For the following reasons, Defendant's motion is GRANTED.[1]

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 7, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is an individual and a resident of Monterey County, California (which is located in the Northern District of California) Compl. ¶ 1. Defendant is an Illinois corporation, with its principal place of business in McHenry, Illinois. Notice of Removal ¶ 10. In 2003, Plaintiff began working for Defendant. Compl. ¶ 7. In February 2009, Plaintiff became Director of Operations, Practice Management, for Defendant. Compl. ¶ 8.

In December 2011, Plaintiff was "overcome by a nervous breakdown and was prescribed medical leave by her physician." Compl. ¶ 10. She requested and received leave pursuant to the Family and Medical Leave Act ("FMLA"). Compl. ¶ 10. She began her medical leave on December 19, 2011, and was scheduled to return on January 31, 2012. Compl. ¶ 10. In mid-January, Plaintiff's physician did not clear her to return to work and Plaintiff was given a new return date of February 19, 2012. Compl. ¶ 11.

On January 23, 2012, Defendant's Director of Human Resources, Julia Vera informed Plaintiff that, if she was unable to return to work by February 1, 2012, Defendant would experience "substantial economic injuries," and that Defendant would "begin recruiting [her] replacement." Compl. ¶ 12. On January 24, 2012, Plaintiff spoke with Bennett Petersen, Defendant's Chief Operations Officer. Compl. ¶ 14. Plaintiff alleges that, despite the fact that she never resigned, Petersen sent out an email on January 27, 2012, announcing that Plaintiff "ha[d] decided to leave Medcor to pursue other opportunities."

2

1    Compl. ¶ 15.  On several subsequent occasions, Plaintiff was in
2    contact with both Vera and Petersen, but alleges that she did not
3    resign and was terminated, in what Defendant characterized as a
4    "business decision."  Compl. ¶ 16-20.
5        On August 20, 2013, Plaintiff filed the Complaint in San
6    Joaquin County Superior Court apparently because her attorneys
7    are located there.  On September 26, 2013, Defendant removed the
8    case to this Court (Doc. #1).  The Complaint alleges the
9    following causes of action: (1) "Retaliation for Taking Protected
10   Medical Leave" in violation of the FMLA; (2) "Wrongful
11   Termination in Violation of Public Policy;" (3) "Breach of
12   Employment Contract;" (4) "Breach of Implied Covenant of Good
13   Faith and Fair Dealing;" and (5) "Failure to Pay Wages upon
14   Termination" in violation of the California Labor Code.
15
16                          II.   OPINION
17      A.   Legal Standard
18        In pertinent part, 28 U.S.C. § 1404(a) provides that, "[f]or
19   the convenience of parties and witnesses, in the interest of
20   justice, a district court may transfer any civil action to any
21   other district or division where it might have been brought[.]"
22   A district court's decision to transfer venue is reviewed for
23   abuse of discretion.  Lou v. Belzberg, 834 F.2d 730, 734 (9th
24   Cir. 1987).
25        Analysis under § 1404(a) is two-fold.  First, the moving
26   party must establish that the matter "might have been brought" in
27   the district to which transfer is requested.  Metz v. U.S. Life
28   Ins. Co. in City of New York, 674 F.Supp.2d 1141, 1145 (C.D. Cal.

2009).  Second, courts must consider the following three factors: (1) convenience of the parties; (2) convenience of witnesses; and (3) the interests of justice.  Metz, 674 F.Supp.2d at 1145.  In analyzing the third factor, the "interests of justice," a number of considerations are relevant, including, but not limited to: (a) the plaintiff's choice of forum; (b) which forum is more familiar with the governing law; and (c) the relative court congestion in each forum.  Metz, 674 F.Supp.2d at 1145.

    B.    The "District of Illinois"

Defendant requests transfer to the "District of Illinois." Mot. at 1.  Unbeknownst to Defendant's counsel, there is no "District of Illinois."  See U.S. Court Locator, (available at http://www.uscourts.gov/ court_locator.aspx).  The state of Illinois is divided into three federal districts: the Northern District of Illinois, the Central District of Illinois, and the Southern District of Illinois.  Id.  Defendant Medcor's principal place of business is in McHenry, Illinois, which is located in the Northern District of Illinois.  Notice of Removal ¶ 10. Accordingly, Defendant's motion is construed as requesting transfer to the Northern District of Illinois.

    C.    Discussion

Defendant must first establish that the matter "might have been brought" in the Northern District of Illinois.  28 U.S.C. § 1404(a).  A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]"  28 U.S.C. § 1391(b)(1).  The sole Defendant in this case, Medcor, Inc., resides in Illinois.  Notice of Removal ¶ 10.  Accordingly, the

4

1 matter might have been brought in the Northern District of
2 Illinois, and the first prong of § 1404(a) is satisfied.

### 1. Convenience to the Parties

In exercising its discretion on a motion for change of venue, the Court must consider the relative convenience of the parties. Metz, 674 F.Supp.2d at 1145. In this case, the original forum of the Eastern District of California is far more convenient for Plaintiff, who is a resident of Monterey County, California. Compl. ¶ 1. Conversely, the Northern District of Illinois is far more convenient for Defendant, whose principal place of business is in Illinois. Notice of Removal ¶ 10. Thus, this factor does not weigh strongly in favor of either side. However, the Court may take into account the relative means of each party, and the inconvenience to a corporation is somewhat less significant than the inconvenience to an individual. Miracle v. N.Y.P. Holdings, Inc., 87 F.Supp.2d 1060, 1073 (D. Haw. 2000). Accordingly, this factor weighs slightly in favor of retaining the original forum.

### 2. Convenience to Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." Saleh v. Titan Corp., 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005). Fittingly, the parties' central dispute is over whether the majority of witnesses live in Illinois or California. Defendant maintains that "[w]ith the exception of Plaintiff, all witnesses are based in Illinois." Mot. at 1. Plaintiff responds that "[t]he great majority of witnesses in this case – McCormack included – reside on the west

1  coast."  Opp. at 1.
2      The case at bar is an employment discrimination case.  Each
3  cause of action in the Complaint alleges unlawful action by
4  Defendant Medcor.  For example, the first cause of action alleges
5  that Defendant "discriminated and retaliated" against Plaintiff
6  in violation of the FMLA.  Compl. ¶¶ 25-30.  The central dispute
7  in this case will be whether Plaintiff was improperly terminated
8  by Defendant because she took leave under the FMLA.  Nearly all
9  of the witnesses who can address that issue are Medcor employees
10 who were involved in the termination of Plaintiff.  As noted in
11 the Petersen Declaration, these witnesses reside or work in
12 Illinois.  Petersen Declaration (Doc. #11) ¶¶ 24-40.
13 Accordingly, the Northern District of Illinois would be a more
14 convenient forum for the witnesses in this case, and this factor
15 strongly favors granting Defendant's motion to change venue.
16     Plaintiff's argument that "the great majority of witnesses"
17 do not reside in Illinois is unavailing.  Opp. at 1.  Plaintiff
18 supplies a declaration listing "the names of no fewer than
19 fifteen other witnesses – former co-workers and family members –
20 all of whom can testify to McCormack's enormous workload and how
21 it contributed to her mental breakdown."  Opp. at 5-6 (citing
22 McCormack Declaration ¶¶ 5-19).  Plaintiff also notes that "[h]er
23 primary physician and psychotherapist – witnesses to her nervous
24 breakdown and need for medical leave – both reside in Monterey
25 County."  Opp. at 5.  However, Plaintiff does not explain why all
26 (or any) of these witnesses would be called at trial.
27 "McCormack's enormous workload" and its role in her "mental
28 breakdown" are not at issue in this employment discrimination

6

case. Indeed, Defendant acknowledges that Plaintiff's "health problem and her resulting need for time off are undisputed." Reply at 5. Furthermore, even if these facts were in dispute, the testimony of these witnesses would be largely cumulative. Each of Plaintiff's proposed witnesses would provide the same testimony: that Plaintiff had a "mental breakdown" while working for Defendant and needed medical leave. McCormack Declaration ¶¶ 3-19. As noted above, the central dispute is whether Plaintiff was improperly terminated for taking leave under the FMLA, and the vast majority of witnesses who can address that dispute are Medcor employees who work and reside in Illinois.

          3.    Interests of Justice

A number of considerations can play a role in the Court's "interests of justice" analysis. See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1145-46 (C.D. Cal. 2009) (comprehensively listing all of the factors which might be relevant to this analysis). However, the only three considerations relevant in the current case are Plaintiff's choice of forum, which forum is more familiar with the governing law, and the relative court congestion in each forum.

As is always the case, Plaintiff's choice of forum is entitled to consideration. Metz, 674 F.Supp.2d at 1145. However, the Ninth Circuit has instructed that, "[i]f the operative facts have not occurred within the forum of original selection . . . the plaintiff's choice is entitled to only minimal consideration." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). Here, the "operative facts" did not occur in California. Rather, the decision to terminate

Plaintiff (and any accompanying discussions or meetings) occurred at Defendant's office in Illinois.  Plaintiff's contention that her "termination – giving rise to every cause of action in this case – occurred in Monterey County" is not supported by the record.  Opp. at 4.  Although Plaintiff resided in California when she was terminated, the decision to terminate her was made by individuals in Illinois. In addition, Plaintiff's attorneys chose the original forum, in part, because it was convenient to them, not necessarily to their client. Plaintiff resides in the Northern District of California. The Eastern District of California has no connection to this case other than Plaintiff's attorneys are located here.  Accordingly, Plaintiff's choice of forum is entitled to only minimal consideration.

Consideration of which forum "is most familiar with the governing law" is also appropriate.  Metz, 674 F.Supp.2d at 1145. As noted by Plaintiff, at least two causes of action in the Complaint will require the presiding court to interpret and apply California state law.  Opp. at 6.  However, a central element of the Complaint is based on a federal statute, the FMLA.  Compl. ¶ 25-30.  A federal district court in the Northern District of Illinois is equally familiar with the FMLA as this Court. Moreover, courts are routinely required to interpret the laws of other states, and this is well within the capability of a federal district court in the Northern District of Illinois. Accordingly, the presence of California state law claims weighs only slightly in favor of retaining the original forum.

Finally, the Court considers the "relative court congestion in the two forums."  Metz, 674 F.Supp.2d at 1145.  The Eastern

District of California is significantly more congested than the Northern District of Illinois.  See U.S. District Courts – Weighted and Unweighted Filings per Authorized Judgeship, Table X-1A, at 3, 4 (available at http://www.uscourts.gov/Statistics/JudicialBusiness/2013/us-district-courts.aspx).  Although not dispositive, this consideration weighs in favor of granting Defendant's motion to transfer.

For the reasons discussed above, the "interests of justice" factor does not weigh heavily in favor of either party.  The minimal consideration given to Plaintiff's choice in forum and this Court's familiarity with California state law is offset by the relative court congestion in the Eastern District of California.

    4.   Final Analysis

The first and third factors of "convenience to the parties" and "interests of justice" do not weigh strongly in favor of either party.  Conversely, the "most important factor" of "convenience to witnesses" weighs strongly in favor of granting Defendant's motion to transfer.  Metz, 674 F.Supp.2d at 1145. Accordingly, transfer to the Northern District of Illinois is appropriate.

### III.  ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion for Change of Venue:

IT IS SO ORDERED.

Dated: May 14, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE